U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 25 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

b

| | |
|---|---|
| RLI INSURANCE CO., | CIVIL ACTION NO. 3:15-CV-00460 |
| VERSUS | JUDGE JAMES |
| FRANCISCAN MISSIONARIES OF OUR LADY HEALTH SYSTEMS, INC., et al. | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

RLI Insurance Co. ("RLI"), an Illinois corporation, filed this complaint for declaratory relief on February 27, 2015 (Doc. 1). The named defendants are: (1) Franciscan Missionaries of Our Lady Health Systems, Inc. ("FMOLHS"), a Louisiana non-profit corporation that conducts business through its non-profit subsidiary corporation, St. Francis Medical Center, Inc. in Monroe, Louisiana; (2) St. Francis Medical Center ("SFMC"), a Louisiana corporation and the successor in interest to St. Francis North Hospital, Inc. (collectively, "SFMC"); and (3) Monroe Surgical Hospital ("MSH"), a Louisiana limited liability company whose members and managers are all Louisiana citizens. RLI's claim against MSH was voluntarily dismissed without prejudice on March 31, 2015 (Doc. 4).

RLI alleges this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity and the amount in controversy exceeds $75,000, and pursuant to Fed.R.Civ.P. Rule 57 and 28 U.S.C. § 2201.

RLI seeks a declaration that an excess insurance policy issued by RLI[1] to FMOLHS does not provide coverage for amounts that FMOLHS and/or SFMC agreed to pay to MSH to settle the claims against SFMC in a lawsuit pending in the Louisiana Fourth Judicial District Court, <u>Monroe Surgical Hospital, L.L.C. v. St. Francis Medical Center, Inc. and St. Francis North Hospital</u>, No. 06-1700. RLI contends the contractual condition requiring RLI's consent to the settlement was not satisfied.

Defendants FMOLHS and SFMC answered the complaint and filed a counterclaim against RLI seeking the limits of the excess insurance policy, penalties, and attorneys' fees (Doc. 5). RLI answered the counterclaim (Doc. 11).

RLI filed a motion to realign the parties (Doc. 33), contending that Defendants' counterclaim for recovery under the RLI excess policy "moots" RLI's claim for declaratory judgment. RLI contends that Defendants have the initial burden of establishing coverage and of establishing their claims that RLI breached the policy and violated the Louisiana Insurance Code (Doc. 33). RLI contends, therefore, that FMOLHS/SFMC are the true plaintiffs. RLI points out that, under the scheduling order (Doc. 19), it is required to identify witnesses and present expert reports first, putting it in the position of providing rebuttal witnesses before it knows who and what it is rebutting.

Realignment of parties is done for federal jurisdictional purposes. Federal courts have a duty to ensure that parties are properly aligned, and, if necessary, they

---

[1] The underwriter for the RLI policy is Chubb Group's Executive Risk Indemnity ("Chubb").

2

must carry out that duty sua sponte. See GuideOne Specialty Mut. Ins. Co. v. Missionary Church of Disciples of Jesus Christ, 687 F.3d 676, 681 (5th Cir. 2012). It is well settled that federal courts are not bound by the alignment of the pleader as to parties plaintiff or defendant, but that they will work out the relation of each party to the suit according to the nature of his real interest, and then decide the question of jurisdiction. See Peters v. Standard Oil Co. of Tex., 174 F.2d 162, 163 (5th Cir. 1949). In ascertaining the proper alignment of parties for jurisdictional purposes, courts have a duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute. See Griffin v. Lee, 621 F.3d 380, 388 (5th Cir. 2010). In the Fifth Circuit, the generally accepted test of proper alignment is whether the parties with the same ultimate interests in the outcome of the action are on the same side. See Griffin, 621 F.3d at 388.

It is not appropriate to realign the parties in this case simply because a counterclaim was filed.[2] RLI's request for a declaratory judgment–that it is not liable for a settlement to which it did not consent–was not "mooted" by Defendants' counterclaim for policy limits, costs, and penalties. Therefore, RLI's motion to realign the parties (Doc. 33) is DENIED.

Furthermore, IT IS ORDERED that, for purposes of their counterclaim, FMOLHS/SFMC are the plaintiffs and must comply with the scheduling order deadlines for "plaintiff," and defendant-in-counterclaim RLI must comply with the scheduling order deadlines for "defendant." See Standard Servs. Co., Inc. v. Witex

---

[2] Even if the parties were "realigned" to change RLI from plaintiff to defendant, and to change FMOLHS and SFMC from defendants to plaintiffs, diversity jurisdiction would not be destroyed.

USA, Inc., 2003 WL 2004442, at *2 (E.D. La. 2003); see also Waste Management of Louisiana, L.L.C. v. Parish, 2015 WL 5798029, *2 (E.D. La. 2015) (scheduling order for plaintiff applied to plaintiff and plaintiff-in-counterclaim, and scheduling order for defendant applied to defendant and defendant-in-counterclaim).

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana on this 25th day of July 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge

4